(Pleito No. 154.—Fallado el 25 de Octubre de 1901.)

## Soler contra Soler.

Recurso contra sentencia dictada por la Corte de Distrito de Arecibo.

1.—Desheredación. La desheredación de una hija por haberse entregado á la prostitución, queda sin efecto en virtud de la reconciliación posterior entre la ofensora y el testador.
2.—Reconciliación. No es necesario que conste en documento público la reconciliación, toda vez que dicho acto no tiene por objeto la creación ó trasmisión de un derecho real sobre bienes inmuebles, quedando por lo tanto sujeta á las pruebas que el derecho reconoce.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y cinco de Octubre de mil novecientos uno, en el juicio seguido primeramente, en el suprimido Juzgado de 1ª Instancia de Utuado, y continuado después ante el Tribunal de Distrito de Arecibo, entre partes, de la una, como demandante, Doña Francisca Soler y Vélez, vecina de Arecibo, y de oficio doméstico, y de la otra, como demandado, Don José Soler y Serra, de la misma vecindad, y propietario, por sí y

á nombre dé sus menores hijos, sobre nulidad de una cláusula del testamento de Doña Rosenda Vélez; cuyo pleito pende ante Nos, en virtud de recurso de casación por infracción de ley, interpuesto por Soler y Serra, al que ha representado y defendido en este Tribunal Supremo, el Letrado Don Herminio Díaz Navarro, habiendo llevado la representación y defensa de la parte recurrida, el Letrado Don José de Guzmán Benítez.—Resultando: Que Doña Rosenda Vélez falleció en la Villa de Arecibo, el trece de Agosto de mil ochocientos noventa y ocho, bajo testamento abierto que otorgó en la misma Villa, el diez y siete de Abril de mil ochocientos noventa y tres, en el que, después de declarar en la cláusula tercera, que al contraer matrimonio con Don José Soler, no aportó bienes de clase alguna, y que los que llevó su marido representaban seiscientos pesos, sin que durante la unión conyugal, ni uno ni otro los hubiera adquirido privativamente, por cuya razón, los que se encontraban á su fallecimiento debían reputarse de los dos en común, legó en la cláusula cuarta la tercera parte de los que pudieran corresponderle, á su referido esposo, con la obligación de levantar las cargas que fueran de la misma, mejoró en la cláusula quinta, con otra tercera parte á sus hijos nombrados Juan Pablo y Micaela Soler y Vélez, desheredó por la cláusula sexta, á su otra hija Francisca Soler y Vélez, por haberse prostituído, privándola de la legítima, que de la otra tercera parte hubiera tenido derecho á percibir, á no mediar tal desheredación, é instituyó en la séptima por sus únicos y universales herederos, á sus ya mencionados hijos Juan Pablo y Micaela, quienes habían de heredar como legítima toda la tercera parte de sus bienes, en razón á la desheredación de la otra hija, Francisca, y como mejora, otra tercera parte que les dejaba independientemente de dicha desheredación, y cual si ésta no hubiera tenido lugar.—Resultando: Que Doña Francisca Soler y Vélez, en veinte y uno de Diciembre de mil ochocientos noventa y ocho, presentó escrito de demanda ante el suprimido Juzgado de 1ª Ins-

tancia de Arecibo, en el que, ejercitando la acción mixta de testamento inoficioso, solicitó se declarara nula la cláusula sexta del testamento otorgado por Doña Rosenda Vélez de Soler, en diez y siete de Abril de mil ochocientos noventa y tres, por ser injusta, ilegal é incierta la causa de la desheredación, y nula, asimismo, la institución de herederos hecha en dicho testamento, en cuanto perjudica los derechos de la misma, por haberse hecho la desheredación contra los oficios de piedad que se deben mutuamente los padres y los hijos; declarando en su consecuencia, que es heredera forzosa de la testadora Doña Rosenda Vélez, y le pertenece la parte que por legítima le corresponde del haber hereditario que resulte justo y legalmente inventariado y liquidado en su oportunidad, con imposición de costas á los demandados, allánense ó no á la demanda.—Resultando: Que la demandante alegó en apoyo de su pretensión, como fundamentos de hecho, además del texto de la cláusula testamentaria, cuya nulidad pide, que en Diciembre de mil ochocientos noventa y uno, en que sólo contaba catorce años de edad, contrajo matrimonio con Don Roberto Waterson, con quien estuvo casada cinco meses, habiéndose opuesto á tal enlace su padre Don José Soler, quién acabó por otorgar su consentimiento mediante la intervención de distintas personas, si bien luego se opuso á que visitara la casa paterna, llevando su encono hasta el punto de negarle el saludo y el derecho de recibir su bendición; que ya viuda, quiso su madre que volviera á dicha casa, á lo que accedió, permaneciendo en ella aislada de la familia por orden terminante de su padre, quien hasta le prohibió tomar asiento en la mesa, sin que tuviera otra protección que la de su buena y amante madre, en vista de lo cual, obligada por la actitud intransigente de su padre, que no la consideraba como una hija, sino más bien como una sirvienta, abandonó aquel hogar en Febrero de mil ochocientos noventa y tres, con el propósito de que la amparara su suegra Doña Avelina Salazar, mas no pudo ser así, y quedó sola, entablando entonces relaciones amorosas,

motivadas por el desamparo en que se encontraba, con
Don Juan Ubarri, las que sostuvo hasta Mayo del mismo año
en que se fué á vivir con Doña Concepción Marrero,
viuda de Wilson; que después de salir de la casa de la
Marrero, reanudó las relaciones con Ubarri; terminándolas
á los dos meses para venir á esta Capital, donde permaneció
tres meses en relaciones íntimas con Don Arturo Geigel, con
quien fué á la Habana en Septiembre del propio año,
continuando allí con Geigel hasta Marzo del noventa y
cinco, en que volvió á esta Isla; que mientras estuvo en
esta Capital, antes de marchar á la Habana, su madre Doña
Rosenda Vélez atendía á sus necesidades, remitiéndole dinero
varias veces, ya por correo, ya por conducto particular,
habiéndole remesado también dinero á la Habana, para
sufragar los gastos del regreso; que después de su regreso de
Cuba residió en esta Capital tres meses, sostenida siempre en
sus necesidades por su madre, que le remitía mensualmente
cantidades de dinero, hasta que en Mayo volvió á la Villa de
Arecibo á la casa de Doña Ramona Morales, viuda de
Gómez, donde su referida madre siguió proveyéndola de
todo lo preciso, no sólo para su manutención sino para todas
sus necesidades; que un año después se resolvió á ir á la
casa de su padre en súplica de que depusiera su actitud
de odio apasionado y constante censura hacia ella, y entonces
su padre, lejos de atender á los ruegos de la hija desgraciada,
más que por su voluntad, por la inexperiencia de los
pocos años, unida á una educación quizás descuidada, re-
quirió el auxilio de dos guardias de orden público para
que la sacaran de la casa, diciéndoles que en ella se había en-
trado una mujer para robarle y asesinarle, habiendo ma-
nifestado entonces su madre á dichos guardias, en actitud
enérgica y resuelta, que la sacaran también á ella, porque la
denunciada era su hija, en vista de lo cual se abstuvieron los
guardias de intervenir en tan enojoso asunto de familia;
que volvió á la casa de Doña Ramona Morales, y dos meses·
después, ó sea en Julio de mil ochocientos noventa y seis, su

madre la mandó al campo á la casa de su tía Doña Pelegrina Vélez, sosteniéndola allí y enviándola semanalmente lo necesario con el marido de Doña Pelegrina; que en Octubre del citado año fué á vivir con su suegra Doña Avelina Salazar, y por ese tiempo estuvo acompañada de su madre en la casa de comercio de Don Fabián Franco, en cuyo establecimiento compró la última varios efectos que le regaló; que su repetida madre, antes de morir, recomendó á Doña Carmen Serrano, que no dejara de enviar á la demandante lo necesario para su alimentación, la que no quería le faltara un sólo día, y que para conseguirlo lo hiciera á espaldas de su marido, porque éste se opondría si llegaba á saberlo; que mientras estuvo en Arecibo, su madre la visitaba y cuidaba con asidua solicitud, así en salud como estando enferma; que las entrevistas de madre é hija tenían lugar en las casas de Doña Eusebia Ugarte y Don José Pérez; que la intransigencia de su padre llegó al extremo de oponerse á que fuera á la casa para recibir de su madre ya moribunda la bendición que ésta quería darle, manifestando aquél que le echara la bendición desde la cama; y que ni antes del testamento, ni en la fecha en que se redactó, ni después, ha estado inscrita en concepto de pupila en casas de lenocinio en ninguna de las localidades en que ha residido, para que pudiera conceptuársele como entregada á la prostitución; expuso, además, para justificar la procedencia de la demanda, que la causa de desheredación consignada en el testamento de Doña Rosenda Vélez, no era la expresamente señalada con el número 3 en el artículo 853 del Código Civil, por cuanto esa causa consiste en haberse entregado la hija ó nieta á la prostitución; y en dicho testamento se deshereda á la demandante por haberse prostituído; que tal causa de desheredación era incierta, en atención á que no estuvo prostituída voluntaria ni involuntariamente, por más que á ello pudo obligarla la conducta intransigente y de odio de su padre; y que aunque hubiera existido la causa alegada, fuera legal ó ilegal, la des-

heredación quedaba sin efecto por ministerio de la ley, en atención al amor constante y asiduo interés que por la desheredada mostró siempre la madre testadora antes y después de otorgado el testamento, con lo cual venía á desmentir lo que en la cláusula 6ª del mismo se establece en perjuicio de sus derechos de hija y de su dignidad de mujer; invocó como fundamentos de derecho las leyes 1ª, título 5, libro 4 del Fuero Juzgo, 1ª título 9, libro 3 del Fuero Real, 1ª y 4ª hasta la 11ª título 7, partida 6, la 7ª título 8 de la misma partida y 24 de Toro, las sentencias del Tribunal Supremo de España de diez y nueve de Diciembre de mil ochocientos sesenta y cuatro, veinte y ocho de Octubre de mil ochocientos sesenta y siete, diez y siete de Diciembre de mil ochocientos setenta y tres y veinte y uno de Enero de mil ochocientos setenta y ocho, y los artículos 2, 4, 671, 756 en sus números 1, 2, 3, 5, y 6, 848, 849, 850, 851, 852, 853, 856 y 857 del Código Civil, y concluyó con la súplica de que se dicte sentencia en los términos ya expresados.—Resultando: Que á la demanda se acompañaron los documentos siguientes: copia de la partida bautismal de Doña Francisca Soler y Vélez, nacida en Diciembre de mil ochocientos setenta y siete; certificación de defunción de Don Roberto Segundo Waterson, legítimo esposo de Doña Francisca, muerto en doce de Mayo, de mil ochocientos noventa y dos; copia del testamento otorgado por Doña Rosenda Vélez en diez y siete de Abril de mil ochocientos noventa y tres, en cuya cláusula 6ª desshereda á su hija Doña Francisca Soler y Vélez por haberse prostituído; copia de la partida de matrimonio de Don José Soler con Doña Rosenda Vélez, celebrado en veinte y cinco de Octubre de mil ochocientos setenta y cinco; certificación de defunción de Doña Rosenda Vélez, ocurrida en trece de Agosto de mil ochocientos noventa y ocho, y copia del acto de conciliación, intentado sin efecto, en doce de Setiembre siguiente por Doña Francisca Soler con su padre Don José Soler, por derecho propio y en

representación de sus menores hijos Don Juan y Doña Micaela, para preparar el presente juicio. — Resultando : Que conferido traslado de la demanda á la parte demandada, evacuó el trámite impugnándola, á cuyo fin alegó que la causa de la desheredación de Doña Francisca Soler, hecha por Doña Rosenda Vélez en la cláusula 6ª de su testamento, no sólo era legal, sino cierta, pues la misma Doña Francisca confesaba haber vivido en concubinato con distintos hombres ; que además tuvo con varios en Arecibo y á la faz pública tratos carnales, por lo que fué rechazada del hogar paterno cuando fué á él, no como una hija arrepentida de su bochornosa vida, sino cual si tuviera derecho indiscutible de que se le dispensara buena acogida ; que jamás se opuso á que su esposa Doña Rosenda Vélez velara por la hija descarriada y la atendiera en sus necesidades, si bien á sus espaldas, á fin de evitar que tal proceder fuera causa de que continuara su vida de prostitución ; que después de muerta Doña Rosenda no hubiera negado sus auxilios á Doña Francisca, si ésta hubiera abandonado la senda del vicio, lo que no hizo, pues lejos de ser así, parece que la muerte de la madre cortó toda relación de respeto hacia el honrado padre, por lo que la hizo entender, valiéndose de personas intermediarias, que sostendría y haría cumplir la voluntad de la testadora ; que por evitar un escándalo, no quiso asistir al acto de conciliación á que le citó la demandante, á la que, cuatro días después, propuso por conducto de tercero, para evitar el pleito y sus pruebas, darle del tercio libre legado á él por su esposa la tercera parte, con lo que quedaba respetada la voluntad de la difunta y no sufrían perjuicio sus otros hijos, proposición que fué aceptada por Doña Francisca, con la única condición de no deducirse de esa tercera parte del tercio de la herencia los gastos de testamentaría y demás consiguientes ; que no obstante ese convenio Doña Francisca y su defensor le exigieron, además, el pago de mil cien pesos, á saber, novecientos para el Abogado, por consultas y minutas, para el acto de conciliación y escrito de demanda, y dos-

·cientos pesos para el defensor y procurador en concepto
·de costas y derechos devengados en sus gestiones, y como
·rechazara semejante exigencia, se le amenazó con este pleito,
para obligarle así, de todos modos, al pago de la cantidad
reclamada, que excedía con mucho de la que en todo caso
hubiera de corresponder por herencia á su hija; y que para
descargar la responsabilidad de pleito tan temerario sobre su
irreflexiva hija y sus consejeros, la demandó en conciliación
lo mismo que á su defensor, ofreciendo entregar á aquélla lo
que por herencia le hubiera correspondido de los bienes de
su madre en el tercio de legítima forzosa, por haber dispuesto
la testadora de los otros dos tercios de la herencia, sin que á
ello se aviniera la demandante, como así se desprendía de la
certificación que acompañó del acto de conciliación intentado
en veinte y seis de Setiembre de mil ochocientos noventa
y ocho; é invocando como fundamento de derecho el ar-
tículo 853 del Código Civil en su caso 3º, suplicó se declarase
sin lugar la demanda en todos sus extremos, con costas é
indemnización de daños y perjuicios á cargo de la parte
actora, declarando á ésta sin derecho alguno á reclamaciones
sucesivas, sobre la herencia de su difunta madre Doña
Rosenda Vélez.—Resultando: Que ambas partes en sus
escritos de réplica y dúplica insistieron en sus respectivas
pretensiones, sin alterar los términos del debate planteado;
y practicadas las pruebas propuestas por ambas partes,.
ó sean las de confesión y testigos, el Tribunal del Distrito
de Arecibo, por sentencia de veinte y cuatro de Noviembre
del año próximo pasado, declaró cierta y legal la causa
de desheredación consignada por Doña Rosenda Vélez en la
cláusula 6ª del testamento de diez y siete de Abril de
mil ochocientos noventa y tres, dejando sin efecto esa deshe-
redación por haberse justificado la reconciliación entre la
testadora y su hija, y declarando en su consecuencia nula é
ineficaz la cláusula que la contiene, con derecho la deman-
dante á percibir la cuota legítima que le corresponda en la
herencia de su madre como heredera forzosa de la misma, sin

especial condenación de costas.—Resultando: Que contra esa sentencia ha interpuesto Don José Soler y Serra recurso de casación por infracción de ley, autorizado por los números 1 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando como motivos los siguientes:—1º Error de derecho en la apreciación de las pruebas de ambas partes al admitirse como probado en la sentencia que con posterioridad á la desheredación hubo reconciliación entre la madre que desheredó y la hija desheredada, infringiéndose así los artículos 1,218, 1,232, 1,248 y 1,280 del Código Civil, pues de lo que en la demanda se consigna por la demandante, de lo que declara Don José Soler, absolviendo posiciones, y de lo que dicen los testigos Carmen Serrano, Presbítero Berríos, Don Eusebio López Acevedo, Don José Eulogio Vega, Don Tomás Carrera, Domingo Avila y José González Cardona, solamente se deduce que la testadora en el terreno privado le daba caritativamente socorros á su hija para que no muriese de hambre cuando sus concubinos, cansados de ella, la abandonaban, mientras que en el terreno público, celosa de su honor y del nombre de su familia ante la sociedad en que vivía, no quiso jamás perdonarle el borrón infamante que echó con su vida airada sobre la inmaculada reputación de los suyos, como lo revela con toda claridad el hecho elocuentísimo de que á pesar de esa inexistente reconciliación que la Sala sentenciadora ha visto en los actos de pura caridad realizados con su hija por Doña Rosenda Vélez, ni revocara ésta su testamento, ni se haya dicho en la demanda, ó afirmado por algún testigo, que aquélla en alguna ocasión manifestara intenciones de verificar la revocación de la cláusula de desheredación.— Segundo. Infracción del inciso 1º del artículo 1,280 y del 1,279 del Código Civil, porque si la reconciliación deja sin efecto la desheredación y restituye al heredero forzoso en su derecho sobre los bienes del as-hereditario, que es un derecho real, es claro que para declarar consumada aquélla, y por lo tanto eficaz, debe aparecer consignada en un documento

público y solemne.—3º Infracción, por aplicación indebida, del artículo 856 del Código Civil, toda vez que reconociéndose como legítima la causa de la desheredación, se declara ésta nula en virtud de una reconciliación, cuya existencia no se ha justificado en debida forma.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.— Considerando: Que el Tribunal de Distrito de Arecibo, al establecer como resultado de todos los elementos probatorios aportados al pleito, que medió reconciliación entre la testadora Doña Rosenda Vélez y su hija desheredada Doña Francisca Soler, no ha incurrido en los errores de derecho que se le atribuyen en el 1er. motivo del recurso, con infracción de los artículos 1,218, 1,232, 1,248 y 1,280 del Código Civil, pues el primero de esos artículos se refiere á la fuerza probatoria de los documentos públicos, carácter que no tiene ninguna de las pruebas á que se contrae el recurrente; el segundo no es aplicable, por cuanto las posiciones que ha absuelto Don José Soler, harían prueba contra él en su caso, pero no contra Doña Francisca; el tercero no tiene carácter preceptivo, pues tan sólo implica una recomendación; y el cuarto no es de aplicación al caso de autos, toda vez que la reconciliación de que se deja hecho mérito no envuelve creación ó trasmisión de un derecho real, y es solamente una condición realizada para que la desheredada Doña Francisca disfrute de la herencia de su madre que la desheredó, aparte de que aun en el supuesto de que por aquella reconciliación se creara ó trasmitiera á favor de Doña Francisca un derecho real, como no consta que éste sea sobre bienes inmuebles, tampoco sería de aplicación el precepto que entraña el artículo 1,280 en su número 1º.— Considerando: Que el artículo 1,279 del Código Civil y el 1,280 ya citado, al fundar el 1er. motivo del recurso, y que se suponen ambos infringidos en el concepto que se indica al exponer el 2º motivo del mismo, no han podido serlo, ya por la razón anteriormente expresada, ó sea por no haberse creado ó trasmitido á favor de Doña Francisca,

mediante la reconciliación con su madre, un derecho real
sobre bienes inmuebles, ya porque si bien el Código Civil en
su artículo 757 exige la formalidad del documento público
para la remisión de las causas de indignidad para suceder, no
demanda igual requisito para la reconciliación, que deja sin
efecto la desheredación, y por tanto, quedó dicha reconcilia-
ción sujeta á las pruebas que el derecho reconoce.—Conside-
rando: Que debiendo admitirse como probada la reconci-
liación de Doña Rosenda Vélez y de su hija Doña Francisca
por ser improcedentes los dos motivos de casación anterior-
mente alegados, lejos de haberse infringido, ha sido debida-
mente aplicado el artículo 856 del Código Civil, que se cita
en el tercer motivo del recurso.—Fallamos: Que debemos
declarar y declaramos, no haber lugar al recurso de casación
interpuesto por infracción de ley, con las costas á cargo de
la parte recurrente; y con devolución de los autos, comuní-
quese esta resolución al Tribunal de Distrito de Arecibo, á
los efectos consiguientes.—Así por esta nuestra sentencia, que
se publicará en la *Gaceta Oficial*, en la forma que preceptúa
el inciso 2 del 2.º apartado del artículo 1,791 de la Ley de
Enjuiciamiento Civil, lo pronunciamos, mandamos y fir-
mamos.

José S. Quiñones.—José C. Hernández.—El Juez Asociado
Sr. Sulzbacher votó en Sala y no pudo firmar, José S.
Quiñones.

Publicación.—Leída y publicada fué la anterior sentencia
por el Sr. Juez Asociado del Tribunal Supremo, Don José C.
Hernández, celebrando audiencia pública dicho Tribunal en
el día de hoy, de que como Secretario sustituto certifico, en
Puerto Rico, á veinte y cinco de Octubre de mil novecientos
uno.—Eugenio Alvarez, *Secretario sustituto.*